**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Criminal Action No.: 20-cr-00330-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PILGRIM'S PRIDE CORPORATION,

    Defendant.

---

**UNITED STATES AND PILGRIM'S PRIDE CORPORATION'S JOINT
MOTION TO WAIVE PRESENTENCE INVESTIGATION REPORT AND MOTION
FOR IMMEDIATE SENTENCNIG**

---

The United States of America and Pilgrim's Pride Corporation ("Pilgrim's" or "Defendant") respectfully request that this Court, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), waive the Presentence Investigation Report in this matter and sentence Defendant at the change of plea hearing on February 23, 2021, should the Court accept Defendant's guilty plea.[1]  Pilgrim's consents to and waives its right to a Presentence Investigation Report and will file an appropriate, executed waiver with the Court before the change of plea hearing.

---

[1] On October 29, 2020, the U.S. Probation Office filed an Immediate Sentencing Report in anticipation of the Court proceeding immediately to sentencing of Defendant following a change of plea hearing scheduled for November 2, 2020, which hearing was subsequently rescheduled.  Dkt. No. 23.  The parties are respectfully requesting that the Court waive a full Presentence Investigation Report.

The government and Defendant jointly submit that the Court may proceed to sentencing without a Presentence Investigation Report. Plea Agreement ¶ 9(e). Generally, a Court may forgo a Presentence Investigation Report if "the information in the record enables [the Court] to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the [C]ourt explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii); *see also United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009) (upholding sentence where lower court did not rely upon presentence report, relying upon Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. 6A1.1(a)(2) to conclude that presentence reports are "not a mandatory part of the sentencing process"); *United States v. Olson*, 2017 U.S. Dist. LEXIS 196066, at *3 (E.D. Wis. Nov. 7, 2017) (granting joint motion to proceed to sentencing without presentence investigation report because the parties jointly agreed; the government and defense counsel were sophisticated; the ends of justice would be satisfied based upon the fullness of the record; and the ends of efficiency would be preserved given the time-consuming and laborious nature of a presentence investigation process).

Pursuant to good faith negotiations and conferrals, the parties have agreed to waive the requirement that a Presentence Investigation Report be completed and respectfully request that the Court accept that waiver for several reasons. First, unlike Presentence Investigation Report for individual defendants, much of the context and background information relevant to a corporation is already identified and accounted for in the plea agreement, and is therefore already before the Court. For example, the Information and the Plea Agreement discuss the basis and nature of Defendant's offense. *See generally* Information; Plea Agreement ¶ 4 (the "Statement of Facts").

The Plea Agreement discusses the basis for the government's fine calculation. *See* Plea Agreement ¶¶ 6–9.  In addition, the parties are filing a Joint Sentencing Memorandum, which will further discuss the basis for fine calculation, as well as a Motion for Downward Departure Pursuant to U.S.S.G. § 8C4.1 describing the nature and extent of Pilgrim's cooperation with the government.

Second, the agreement between the parties is the result of meaningful, arms-length negotiations between sophisticated parties.  The parties have carefully considered and reached a negotiated plea agreement involving a corporate defendant pursuant to Fed. Rule Crim. P. 11(c)(1)(C), and the parties' agreed-upon sentence has been determined in advance, should the Court accept the proposed plea.

Finally, the parties submit that the interests of justice and efficiency may well be undermined by a protracted Presentence Investigation Report process that would further defer final sentencing of Defendant.  Defendant, a publicly traded company, may be prejudiced by this delay and the uncertainty stemming from the pending resolution of its sentence.

Thus, the parties respectfully submit that the record is sufficient to permit the Court to "meaningfully exercise its sentencing authority under 18 U.S.C. § 3553." Fed. R. Crim. P. 32(c)(1)(A)(ii).  For many of the same reasons applicable to this case, courts imposing sentences on corporate defendants (including in antitrust cases) often combine the plea and sentencing hearings into a single proceeding, and dispense with the need for a Presentence Investigation Report.  *See, e.g.*, *U.S. v. Yamada Manufacturing Co Ltd.*, No. 15-CR-47 (S.D. Oh. 2015) Dkt. No. 12 (waiver of PSR) and Dkt. No. 13 (minute entry for combined hearing); *U.S. v. Aisin Seiki Co., Ltd.*, No. 14-

CR-229 (S.D. Ind. 2015), Dkt. No. 14 (Petition to Enter Plea of Guilty) and Dkt. No. 24 (Entry) (referencing the waiver of PSR); *United States v. Sanyo Electric Co. Ltd.*, No. 13-cr-472 (N.D. Cal. 2013), Dkt. No. 28; *United States v. Bridgestone Corporation*, No. 11-cr-651 (S.D. Tx. 2011), Dkt. No. 19; *United States v. Kellogg Brown & Root LLC*, 4:09-cr-00071 (S.D. Tex. 2009), Dkt. No. 8; *United States v. Siemens Aktiengesellschaft, et al.*, 08-CR-367 (D.D.C. 2008), Dkt. No. 19, p.20; *United States v. Baker Hughes*, No. 4:07-cr-00129 (S.D. Tex. 2007), Dkt. No. 15.

If the Court finds that it does not have sufficient information to allow for the imposition of sentence on the scheduled date of the plea hearing, the parties are prepared to submit additional information requested by the Court.

## CONCLUSION

For the reasons set forth above, the parties respectfully request that this Court waive the Presentence Investigation Report and proceed directly to sentencing, should this Court accept the proposed plea agreement.

DATED:   February 9, 2021        Respectfully submitted,

        U.S. DEPARTMENT OF JUSTICE
        ANTITRUST DIVISION

        BY:   /s/ *Justin P. Murphy*
            Justin P. Murphy
            Jonathan A. Clow
            Jillian M. Rogowski
            Trial Attorneys

            450 Fifth Street, N.W.
            Washington, D.C. 20530
            Tel: (312) 754-3077
            Jonathan.Clow@usdoj.gov

        *Attorneys for the United States*

KASOWITZ BENSON TORRES LLP

BY:    /s/ *Daniel J. Fetterman*
       Marc E. Kasowitz
       Kevin J. Arquit
       Daniel J. Fetterman
       Kenneth R. David

       1633 Broadway
       New York, New York 10019
       Tel: (212) 506-1700
       mkasowitz@kasowitz.com
       karquit@kasowitz.com
       dfetterman@kasowitz.com
       kdavid@kasowitz.com

       *Attorneys for*
       *Pilgrim's Pride Corporation*