IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00330-RM

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**PILGRIM'S PRIDE CORPORATION,**

      **Defendant.**

---

### STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY

---

On behalf of Pilgrim's Pride Corporation (the "Company")[1], I, Fabio Sandri, acknowledge and certify that the Company has been advised of and understands the following facts and rights, that all representations contained in this document are true and correct, and that the Company's attorney has assisted me and the Company as I have reviewed and completed this document on behalf of the Company.

    1.    The nature of the charge against the Company has been explained to the applicable officers and Board of Directors of the Company by the Company's attorney. The Company, through its officers, has had an opportunity to discuss with the Company's attorney both the nature of the charge and the elements which the government is required to prove.

---

[1] The undersigned corporate officer has authority from the Company's Board of Directors to attest to this statement on behalf of the Company pursuant to the Unanimous Written Consent of the Board of Directors dated February 17, 2021. The undersigned is attesting to and confirming the Company's knowledge and understanding and confirming its consent on its behalf.

**Court Exhibit 2**

2. The only operative plea agreement pursuant to Rule 11(c)(1)(C), which has been entered into with the government, is set out in the document entitled "Plea Agreement" dated February 16, 2021, which has been signed by the government and myself on behalf of the Company, and is incorporated herein by reference (the "Plea Agreement").

3. The Company knows that when the Court sentences the Company, the Court will consider many factors. These factors are listed in 18 U.S.C. § 3553 and include (a) the nature and circumstances of the offense and the Company's history and characteristics, (b) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, and protect the public, (c) the kinds of sentences available to the court, (d) the advisory sentencing guidelines established by the U.S. Sentencing Commission, (e) the pertinent policy statements of the U.S. Sentencing Commission, (f) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, and (g) the need to provide restitution.  No single factor is controlling or determinative.  The Company recognizes that it is possible that the Court could, after considering these factors, impose any sentence in the Company's case, including one which is as severe as the maximum fine, full restitution (if applicable), and a special assessment, all as set out in paragraph 3 below, subject to the terms of the Plea Agreement.

4. The Company knows that the following penalties may be imposed as a result of the Company's guilty plea to Count One of the Information, charging a violation of 15 U.S.C. § 1 (Sherman Antitrust Act, Price Fixing, Bid Rigging):

    a.    a fine in an amount equal to the greatest of (i) $100 million pursuant to 15 U.S.C. § 1, or (ii) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d));

    b.    Restitution to the victim(s) of the Company's crime, pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664; and

    c.    A special assessment of $ 400, pursuant to 18 U.S.C. § 3013.

4. The Company knows that in addition to any punishment that the Court may impose, there are collateral consequences to pleading guilty to a crime. These consequences are neither imposed nor controlled by the Court.

5. The Company knows that if a fine or restitution is imposed as a part of the Company's sentence, the Company will be required to pay interest on any amount in excess of $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment or unless interest is waived by the Court.

6. The Company knows that if a fine or restitution is imposed as a part of the Company's sentence, the Company will be required to pay it in a timely manner, subject to the plea agreement. Failure to do so may trigger monetary penalties, collection efforts by the government, potential revocation of any probation or supervised release, and/or exposure to prosecution for "Criminal Default" under 18 U.S.C. § 3615.

7. The Company knows that it can be represented by an attorney at every stage of the proceedings in this matter.

8. The Company knows that it has a right to plead "not guilty," and that if the Company does plead "not guilty," it can persist in that plea and demand a trial.

9. The Company knows that it has a right to and can demand a trial by jury, and that if the Company chooses to stand trial:

      a.      The Company has a right to the assistance of an attorney at every stage of the proceeding;

      b.      The Company has a right to see and observe the witnesses who testify against it;

      c.      The Company's attorney can cross-examine all witnesses who testify against it;

      d.      The Company can call and present such relevant witnesses and evidence as it desires, and the Company can obtain subpoenas to require the attendance and testimony of those witnesses;

      e.      In order for the Company to be convicted, the government must prove each and every element of the offense with which it is charged, beyond a reasonable doubt;

      f.      In order for the Company to be convicted, the jury must reach a unanimous verdict of guilty, meaning all jurors must agree that the Company is guilty; and

      g.      If the Company were to be convicted, the Company could appeal both its conviction and whatever sentence the Court later imposed.

10. The Company knows that if it pleads guilty, there will not be a trial of any kind.

11. The Company knows that if it pleads guilty, there will be no appellate review of the question of whether or not the Company is guilty of the offense to which it has pled guilty.

12. The Company knows that the terms of the Plea Agreement contain a waiver of its right to appeal or to collaterally attack the sentence. Specifically, the Company has agreed knowingly and voluntarily to waive the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of the Plea Agreement, regardless of how the sentence is determined by the Court. Because of this, the Company knows

that it cannot seek appellate review of the sentence imposed by the Court in this case, except in the limited circumstances, if any, permitted by the Plea Agreement.

13. No agreements have been reached and no representations have been made to the Company as to what the sentence in this case will be, except those which are explicitly detailed in Plea Agreement that the Company and the government have signed. The Company further understands that any sentencing agreements and stipulations in the Plea Agreement are binding on the Court only if the parties ask the Court in that document to be so bound pursuant to Rule 11(c)(1)(C) and only if the Court agrees to be so bound when it accepts the Company's guilty plea.

14. The Company and the government have agreed that no Presentence Report is necessary in this case and have jointly moved this Court to waive the Presentence Report requirement and proceed to immediate sentencing.

15. The Company knows that when it enters its plea of guilty, the Court may ask me, or another representative of the Company, questions under oath about the offense to which the Company has pled guilty. Such questions, if asked of me, or another representative of the Company, on the record and in the presence of the Company's attorney, must be answered by me or another appropriate Corporate representative, and if I, or another representative of the Company, give false answers on its behalf, the Company and I, or the other representative of the Company giving false answers, can be prosecuted for perjury.

16. The Company knows that, through its representative, it has the right to ask the Court any questions concerning the Company's rights, these proceedings, and the Company's plea to the charge.

17. Other than the promises of the government set out in the Plea Agreement, no promises and no threats of any sort have been made to the Company by anyone to induce it or to persuade it to enter its plea in this case.

18. No one has promised the Company that it will receive any specific sentence desired by the Company other than those specific agreements set forth in the Plea Agreement pursuant to Rule 11(c)(1)(C), which as described above, are only binding on the Court if it accepts the Company's guilty plea pursuant to Rule 11(c)(1)(C) and the terms set forth in the Plea Agreement.

19. The Company, through its officers, Board of Directors and representatives, has had sufficient opportunity to discuss this case and the Company's intended plea of guilty with the Company's attorney. The Company does not wish to consult with the Company's attorney any further before entering into its plea of guilty.

20. The Company, through its officers, directors and representatives, is satisfied with the Company's attorneys and believes that it has been represented effectively and competently in this case.

21. The Company's decision to enter the plea of guilty is made after full and careful thought, with the advice of the Company's attorneys, and with full understanding of the Company's rights, the facts and circumstances of the case, and the potential consequences of the Company's plea of guilty.

22. The Company wants to plead guilty and has no reservations about its decision to plead guilty.

23. Insofar as it shows the Company's conduct, the summary of facts set out in the "Factual Basis for Offense Charged" section of the Plea Agreement is true and correct, except as the Company has indicated in that document.

24. The Company knows that it is free to change or delete anything contained in this document and that the Company is free to list its objections and its disagreements with anything contained in the document entitled "Plea Agreement." On behalf of the Company, I accept both documents as they are currently drafted.

25. The Company wishes to plead guilty to the following charge: Count One of the Information, charging a violation of 15 U.S.C. § 1 (Sherman Antitrust Act, Price Fixing, Bid Rigging).

Dated this 19th, day of February 2021.

_____
Fabio Sandri
Chief Executive Officer
On behalf of Pilgrim's Pride Corporation
Defendant

I certify that I have discussed this statement and the document entitled "Plea Agreement" with the defendant. I certify that I have fully explained the defendant's rights to it and have assisted its representative in completing this form. I believe that the defendant understands its rights and these statements.

Dated this 18th, day of February 2021.

_____
Daniel J. Fetterman
Attorney for Defendant

7